**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

TOMMY L. PETTIT, )
)
Plaintiff, )
)
v. ) Case No. CIV-11-404-RAW
)
MICHAEL J. ASTRUE, )
Commissioner of Social )
Security Administration, )
)
Defendant. )

**REPORT AND RECOMMENDATION**

Plaintiff Tommy L. Pettit (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally*, Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on October 21, 1975 and was 35 years old at the time of the ALJ's decision. Claimant's education extends through the eleventh grade with some vocational training in computers. Claimant has worked in the past as a tree trimmer and

cleaner. Claimant alleges an inability to work beginning April 23, 2003 due to limitations resulting from cervical and lumbar degenerative disk disease, lumbar facet syndrome, spinal biomechanical dysfunction, thoracic and lumbar segmental rotations, right sacroiliac joint dysfunction, and affectively derived pain.

**Procedural History**

On January 5, 2010, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, et seq.) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On May 17, 2011, an administrative hearing was held before ALJ Trace Baldwin in McAlester, Oklahoma. On July 7, 2011, the ALJ issued an unfavorable decision on Claimant's applications. The Appeals Council denied review of the ALJ's decision on September 15, 2011. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform sedentary work with some limitations.

4

### Errors Alleged for Review

Claimant asserts the ALJ committed error in: (1) failing to discuss certain probative and uncontroverted evidence; (2) engaging in a faulty credibility analysis; and (3) failing to apply Soc. Sec. R. 83-20 to this case.

### Analysis of the Evidence

Claimant contends the ALJ failed to consider certain relevant, probative, and uncontroverted evidence in reaching his decision. The ALJ found Claimant suffered from the severe impairment of right sacroiliac joint dysfunction. (Tr. 11). He recognized Claimant sustained a back injury while on the job on April 23, 2003. Id. The ALJ determined Claimant retained the RFC to perform sedentary work although he can occasionally lift and carry 10 pounds, frequently lift and carry less than 10 pounds. He can stand/walk and/or sit six hours total in an 8 hour workday and he has an unlimited ability to push/pull including the operation of hand and foot controls. Claimant was also found to be able to frequently balance, stoop, kneel, crouch and crawl, and climb ramps, stairs, ladders, ropes, and scaffolding. The ALJ determined Claimant has no manipulative, visual, communicative, or environmental limitations. (Tr. 12). While the ALJ found Claimant could not perform his past relevant work, he determined Claimant retained the

RFC to perform the jobs of cleaner/polisher and cashier which he found to exist in the national and regional economies. (Tr. 15-16).

Claimant contends the ALJ failed to consider numerous opinions, reports, and limitations reflected in the medical record. Claimant was repeatedly examined by Dr. Donald Horton. In October of 2003, Dr. Horton found Claimant's cervical and lumber range of motion was slightly diminished compared to expected. Claimant's motor strength was 4/5 throughout, less than he would have expected. Claimant's grip strength was 85 points bilaterally. Sensory examination revealed no focal abnormalities. His gait was good. (Tr. 235).

In December of 2004, Claimant was attended by Dr. Gregory Henzie on referral. A cervical MRI revealed a small right paracentral disk protrusion partially efaces the ventral subarachnoid space with a mild right-sided unconvertebral joint spurring and mild narrowing of the right neural foramen at C5-6. (Tr. 238).

On November 29, 2005, Claimant was also evaluated by Dr. Hugh G. McClure. Dr. McClure found Claimant suffered pain upon palpation along the paravertebral musculature which could be traced into the right posterior shoulder and upper extremity in a

dermatome pattern of C4-5/C5-6. Examination of the lumbar spine area revealed pain upon palpation along the paravertebral musculature which could be traced into the buttocks and right posterior thigh in a dermatome pattern on the right of the sciatic nerve. Limitations were noted in range of motion. (Tr. 274-75).

Claimant only met part of the physical therapy goals due to continued pain and problems from his condition. He suffered from diminished cervical, lumbar, and right shoulder mobility, muscle tightness, abnormal posture, and slow and guarded gait. (Tr. 256-59).

The ALJ recognized much of these treatments and medical evaluations of Claimant's condition in his decision. (Tr. 11-15). He chose, however, to ignore the evidence which did not support his finding of non-disability while accepting the portions of the evaluations which supported such a finding. Certainly, it is well-recognized in this Circuit that an ALJ is not required to discuss every piece of evidence. Clifton v. Chater, 79 F.3d 1007, 1009-10 (10th Cir. 1996). However, he is required to discuss uncontroverted evidence not relied upon and significantly probative evidence that is rejected. Id. at 1010. An ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of

nondisability." Haga v. Astrue, 482 F.3d 1205, 1208 (10th Cir. 2007). On remand, the ALJ shall consider Claimant's continued limitations and their effect upon his ability to engage in work related activity as reflected in the evidence.

## Credibility Determination

The ALJ shall re-evaluate his credibility determination on remand after considering the full effect of the medical evidence omitted from his decision. In doing so, he shall insure he makes "findings as to credibility [which are] closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures

8

other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

### Application of Soc. Sec. R. 83-20

Claimant also contends the ALJ should have evaluated his condition under the slowly progressive impairment provisions of Soc. Sec. R. 83-20 since the medical record is devoid of evidence during the five months following his accident where his injuries arose and at various other times before the date of last insurance. Soc. Sec. R. 83-20 provides, in pertinent part:

> With slowly progressive impairments, it is sometimes impossible to obtain medical evidence establishing the precise date an impairment became disabling. . . . In such cases, it will be necessary to infer the onset date from the medical and other evidence that describe the history and symptomatology of the disease process. Particularly in the case of slowly progressive impairments, it is not necessary for an impairment to have reached listing severity (i.e, be decided on medical grounds alone) before onset can be established.
>
> In determining the date of onset of disability, the date alleged by the individual should be used if it is consistent with all the evidence available. When the medical or work evidence is not consistent with the allegation, additional development may be needed to reconcile the discrepancy. However, the established

onset date must be fixed based on the facts and can never be inconsistent with the medical evidence of record.

On remand, the ALJ shall consider whether Claimant was ever disabled and obtain additional medical advice, if required, to ascertain the onset date of any disability.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 4th day of January, 2013.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE